PENOBSCOT PRODUCE COMPANY *vs.* WILLIAM H. MARTIN.

Penobscot.     Opinion December 10, 1929.

*Ryder & Simpson,*
*Wilfred I. Butterfield,* for plaintiff.
*H. M. Cook,* for defendant.

SITTING: DEASY, C. J., STURGIS, BARNES, FARRINGTON, JJ.

DEASY, C. J.    Bill in equity to redeem a chattel mortgage.

This court has jurisdiction to entertain such a bill. Whitehouse, Equity, Sec. 72.

The question mainly involved in this case is whether long possession by mortgagee of a mortgaged chattel, no foreclosure being shown, will bar redemption.

This answer is obviously "No," if the possession is held by virtue of the right of possession in the mortgagee as such.

In this case the mortgaged chattel is a potato house situated on land leased of the Maine Central Railroad Company.

The mortgage is from the complainant to Jerome Butterfield, dated July 12, 1909, and was assigned by Butterfield to the defendant September 2, 1913.

About this time the defendant took possession of the potato house and has ever since kept it. No foreclosure is shown.

The defendant has obtained renewals of the lease from the railroad company, but this being necessary to protect his rights as mortgagee is entirely consistent with the holding as such.

On September 18, 1913, the complainant corporation was by the Attorney General excused from filing annual returns on the ground that it had "ceased to transact business"; but its right of redemption is not thereby extinguished.

A preliminary hearing was had before a single justice at which it was determined that the complainant is entitled to redeem, and was decreed that the matter be referred to a master for an accounting of sums due on the mortgage and rents and profits.

The final decree, dated December 18, 1928, accepts the master's report, finds that the defendant is indebted to the complainant as of the date of August 16, 1928, over and above the amount necessary to fully satisfy the mortgage debt and interest in the sum of four hundred and fifty-three dollars and eighty-four cents ($453.84), and decrees that the defendant shall forthwith deliver

to the complainant the full and free possession of the potato house; that the decree shall operate to assign to the complainant the lease of the land upon which said potato house is located, and that the defendant forthwith pay to the complainant said sum of four hundred and fifty-three dollars and eighty-four cents ($453.84), together with costs of suit, and that execution issue.

No error of law is perceived.

No manifest error in the findings of facts appearing they must be accepted as final. *Proctor* v. *Rand*, 94 Me., 313.

*Appeal dismissed.*
*Decree below affirmed.*